

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-24-2009

# USA v. Ariel Javier

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3350

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Ariel Javier" (2009). *2009 Decisions*. Paper 954.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/954

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3350
_____

UNITED STATES OF AMERICA

v.

ARIEL JAVIER,
                            Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-05-cr-00139-001)
District Judge:  Honorable Robert B. Kugler
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 23, 2009

Before:  SCIRICA, *Chief Judge*, SLOVITER and FISHER, *Circuit Judges*.

(Filed: July 24, 2009)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Ariel Javier appeals from the District Court's order granting his motion for

modification of sentence under 18 U.S.C. § 3582(c)(2) and reducing his sentence to 136

months of imprisonment.  We will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On February 15, 2006, Javier pleaded guilty to a two-count superseding indictment charging him with one count of intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and with one count of conspiracy to possess with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. § 846. Each count carried a mandatory minimum term of imprisonment of not less than ten years and a maximum term of life imprisonment.

The United States Probation Office prepared a Presentence Investigation Report using the March 2006 edition of the United States Sentencing Guidelines. The Probation Office calculated Javier's base offense level as 36 under U.S.S.G. § 2D1.1 and recommended no adjustments. The resulting total offense level of 36, combined with Javier's criminal history category of II, yielded a proposed Guidelines range of 210 to 260 months of imprisonment.

At a sentencing hearing held on July 19, 2006, the District Court granted Javier a two-level reduction under U.S.S.G. § 3E1.1(a) for acceptance of responsibility and a one-level reduction under U.S.S.G. § 3E1.1(b) for timely notification of intent to plead guilty. Consequently, the District Court lowered Javier's total offense level to 33, which resulted

2

in an advisory Guidelines range of 151 to 188 months. After hearing the parties' arguments and thoroughly reviewing the sentencing factors set forth in 18 U.S.C. § 3553(a), the District Court sentenced Javier to 170 months of imprisonment on each count, to be served concurrently. Javier did not appeal.

Approximately two years later, on June 13, 2008, Javier filed a motion for modification of sentence under § 3582(c)(2), based on Amendment 706 to the Guidelines, which reduced the base offense level for most crack cocaine offenses by two levels. He requested that the District Court reduce his total offense level to 31, lower his Guidelines range to 121 to 151 months, and impose a new sentence at the bottom of that range. The Probation Office agreed that Javier was eligible for a sentence reduction and that his recalculated advisory Guidelines range would be 121 to 151 months, but did not make a recommendation as to whether the District Court should grant his motion.

On July 23, 2008, the District Court granted Javier's motion and, without conducting a hearing, reduced his sentence to 136 months, the midpoint of the lowered Guidelines range. Javier filed a timely notice of appeal, challenging his sentence.

## II.

On appeal, Javier argues that the District Court abused its discretion by failing to hold a hearing and by failing to provide an adequate explanation for the sentence that it imposed on him. He also contends that his sentence is substantively unreasonable. The

3

Government disputes all these points, and in addition contends that we do not have jurisdiction to review the District Court's order.

As an initial matter, the Government's argument that we lack jurisdiction here is foreclosed by our decision in *United States v. Styer*, No. 08-2951, --- F.3d ----, 2009 WL 766494, at *1 n.2 (3d Cir. Mar. 25, 2009). *Styer* also requires us to reject Javier's argument that he was entitled to a hearing. *See id.* at *2 ("How a court decides to consider a § 3582(c)(2) motion is a matter of discretion." (citing *Tidwell v. United States*, 178 F.3d 946, 949 (7th Cir. 1999))). The District Court here, like that in *Styer*, "sentenced [Javier] in the first instance, was familiar with the facts of the case and [thus was] in the best position to determine whether a hearing was warranted." *Id.* On this record, we do not believe that the District Court abused its discretion in denying Javier's request for a hearing.

We also reject Javier's argument that the District Court abused its discretion by failing to adequately explain its decision to reduce his sentence to 136 months. While the District Court did not specifically reference the § 3553(a) factors in reducing Javier's sentence, it undertook a comprehensive analysis of the factors in imposing his original sentence. And it was not required to consider his post-conviction conduct in determining the extent of the reduction. *See* U.S.S.G. § 1B1.10 cmt. n.1(b)(iii) ("The court *may* consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining: (I) Whether a reduction in the defendant's

term of imprisonment is warranted; and (II) the extent of such reduction . . . ." (emphasis added)); *see also Styer*, 2009 WL 766494, at *2 n.4.

Finally, we reject Javier's contention that his sentence is substantively unreasonable. Because his sentence "falls within a broad range of possible sentences that can be considered in light of the § 3553(a) factors," *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008), and "'the record as a whole reflects rational and meaningful consideration'" of the § 3553(a) factors, *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc) (quoting *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007)), we will not second guess the District Court's sentencing decision.

III.

For the foregoing reasons, we will affirm the District Court's order.